IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
Civil Division

JANE'E THOMAS )
218 51st Street, N.E. )
Apartment 12 )
Washington, D.C. 20019 )
)
           Plaintiff, )
)
v. )
)
DISTRICT OF COLUMBIA )
A Municipal Corporation )
441 4th Street, N.W. )
Washington, D.C. 20001 )
)
    Serve: )
    The Hon. Adrian M. Fenty )
    Mayor, District of Columbia )
    1350 Pennsylvania Ave., N.W. )    Case No.
    Washington, D.C. 20004 )
)
    and )
)
    Peter J. Nickles )
    Attorney General, D.C. )
    Office of the Attorney General--DC )
    441 4th Street, N.W., 6th Fl, So. )
    Washington, D.C. 20001 )
)
and )
)
ODIE WASHINGTON, individually, )
and in his capacity as Director, District )
of Columbia Department of Corrections )
1923 Vermont Avenue )
Washington, D.C. 20001 )
)
and )
)
PATRICIA BRITTON-JACKSON, )
individually, and in her capacity as Warden, )
District of Columbia Jail )
1923 Vermont Avenue )

|  |  |
|---|---|
| and | ) |
|  | ) |
|  | ) |
| DIANE BROWN, individually, | ) |
| and in her capacity at Principal, | ) |
| W. Bruce Evans Middle School | ) |
| 5600 East Capitol Street, N.E. | ) |
| Washington, D.C. 20001 | ) |
|  | ) |
| Defendants. | ) |

# COMPLAINT

COMES NOW Plaintiff, by and through the undersigned counsel, and makes this Complaint against defendants as set forth herein. In support hereof, Plaintiff states as follows:

## INTRODUCTION

1. This civil action is brought pursuant to 42 U.S.C. §1983 as well as various common law actions seeking damages against Defendants for committing acts under the color of law which deprived Jane'e Thomas of due process, privacy, and other constitutional rights. In addition, Plaintiff seeks recovery for assault, battery, negligence, negligent hiring, negligent supervision, negligent infliction of emotional distress, intentional infliction of emotional distress, false arrest and false imprisonment. The claims arose on May 18, 2001, when Plaintiff was taken to the District of Columbia Jail ("D.C. Jail") located at 1901 D Street, S.E., Washington, D.C. 20003.

## PARTIES

2. Plaintiff Jane'e Thomas is an individual who resides at the above address.

3. Defendant District of Columbia is a municipal corporation and is responsible for the supervision and operation of the District of Columbia Department of Corrections and the District of Columbia Public Schools.

4.	Defendant Odie Washington, at all times relevant herein, was the Director, District of Columbia Department of Corrections.

5.	Defendant Patricia Britton-Jackson, at all times relevant herein, was the Warden of the District of Columbia Jail.

6.	Defendant Diane Brown, at all times relevant herein, was the Principal of W. Bruce Evans Middle School ("Evans Middle School").

## JURISDICTION

7.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which states that United States District Courts shall have jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

## FACTUAL ALLEGATIONS

8.	The District of Columbia conducted investigations into this matter and those related in which Plaintiff and numerous other students gave statements indicating the events as alleged in this complaint and concerning Plaintiff.  In addition, there have been at least five other cases filed with this Court which include similar allegations that the District of Columbia has had to defend.[1]  Therefore, the District of Columbia has been given notice of Plaintiff's claim pursuant to §12-309 of the District of Columbia Code.

*Background of Plaintiff*

9. At the time of the D.C. Jail tour Plaintiff was a student at Evans Middle School located in the District of Columbia.

10.	At all times material hereto Diane Brown was the Principal of Evans Middle School.

11.  Plaintiff at the time of the May 18, 2001, tour was between thirteen (13) and fourteen (14) years of age.

12.  Plaintiff is a member of a racial minority and is economically disadvantaged.

*The Tour*

13.  The coordinator and trip supervisor of the Evans Middle School tour of the D.C. Jail was Ms. Dorothy Shepard, an Evans Middle School administrator.

14.  The tour of D.C. Jail was presented to Plaintiff and her mother as a routine field trip.

15.  Plaintiff's mother was given ordinary permission slip to sign for Plaintiff to attend a field trip. Plaintiff's mother did not consent to the rogue events as set forth herein that occurred at the D.C. Jail.

16.  No advance notice was given to Plaintiff's mother to warn her of what awaited Plaintiff at the D.C. Jail. In addition, the corrections officers and staff of the D.C. Jail were not provided with any supplemental training in preparation for the tour given to Plaintiff.

*The Events*

17.  After arriving at the D.C. Jail Plaintiff was forced to walk through metal detectors and was then met by D.C. Jail Corrections Officers (C.O.s).

18.  Plaintiff, who was a member of an all female tour group, was told that they would be observing and speaking to female inmates. However, due to lack of

---

[1] Austin, et al. v. District of Columbia, et al. CV 01-1526 (JGP); Clark, et al. v. District of Columbia, et al. CV 01-1553 (JGP); Davidson, et al. v. District of Columbia, et al. CV 01-1527; McNeil v. District of Columbia, et al. CV 01-1552; Pratt, et al. v. District of Columbia, et al. CV 01-1525

organization on the part of the DC Jail and trip coordinators the female inmates were eating and therefore unavailable during the tour.

19. After realizing that the tour group would be unable to visit with the female inmates, the supervising C.O.s changed the course of the tour and escorted Plaintiff, along with the rest of the tour group, to the section of the jail that housed male inmates.

20. Upon entering the quarters of the male, prisoners, Plaintiff was greeted by the inmates yelling "fresh meat" and making obscene gestures

21. Plaintiff was locked in a holding area along with the rest of the members of the tour group as the C.O. and Ms. Shepard walked away. The members of the tour group were left unsupervised in the jail cell with male prisoners surrounding them in their respective cells for approximately 10 minutes.

22. While Plaintiff was imprisoned, the inmates hurled obscenities and unzipped their jail jumpsuits. Plaintiff witnessed the male inmates masturbating. As a result, Plaintiff began screaming for the C.O.s to return.

23. When the CO.s and supervisors returned, members of the tour group told them what occurred but no action was taken.

24. As a direct and proximate result of said actions, Plaintiff endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. Plaintiff is expected to experience said damages in the future.

## COUNT I

(Deprivation of Civil Rights; U.S. Const., amend. IV and XIV; 42 U.S.C. § 1983)

25. Plaintiff restates and incorporates paragraphs 1 through 24 above.

26. Defendants acting under the color of law or supervisory authority, in bad faith, willfully, wantonly, and with deliberate indifference to, and in gross reckless and callous disregard for the safety of Plaintiff violated her constitutional rights.

27. Defendants deprived Plaintiff of her rights of due process and equal protection under the Fourth and. Fourteenth Amendments of the United States Constitution in violation of 42 U.S.C. § 1983.

28. As a direct and proximate result of said actions, Plaintiff endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. Plaintiff is expected to experience said damages in the future.

## COUNT II

(Assault)

29. Plaintiff restates and incorporates paragraphs 1 through 28 above.

30. Defendants, through the C.O.s, intentionally and unlawfully caused an apprehension of imminent physical harm to Plaintiff.

31. As a direct and proximate result of said actions, Plaintiff endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. Plaintiff is expected to experience said damages in the future.

## COUNT III

(Battery)

32. Plaintiff restates and incorporates paragraphs 1 through 31 above.

33. Defendants intentionally touched Plaintiff with force and in a harmful, offensive, and insulting manner without the consent of Plaintiff or of her legal guardian.

34. As a direct and proximate result of said actions, Plaintiff endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. Plaintiff is expected to experience said damages in the future.

### COUNT IV

(Negligence)

35. Plaintiff restates and incorporates paragraphs 1 through 34 above.

36. Defendants had a duty to safeguard Plaintiff while she was under Defendants' care and supervision.

37. Defendants violated said duty and that violation caused the damages herein.

38. As a direct and proximate result of said actions, Plaintiff endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. Plaintiff is expected to experience said damages in the future.

### COUNT V

(Negligent Hiring and Negligent Supervision)

39. Plaintiff restates and incorporates paragraphs 1 through 38 above.

40. Defendants were employed by the District of Columbia on May 18, 2001.

41. Defendant District of Columbia knew or should have known that Defendants Odie Washington, Patricia Britton-Jackson and Diane Brown as well as other employees, including the C.O.s, acting at their direction, were incompetent and unfit to perform the duties of their respective jobs at the time they were hired and thereafter.

42. On or about May 18, 2001, while employed by the District of Columbia Defendants Odie Washington, Pamela Britton-Jackson and the C.O.s incompetently supervised their staff while Plaintiff was on her tour of the D.C. Jail.

43. On or about May 18, 2001, while employed by Evans Middle School under the direct supervision of Diane Brown, Dorothy Shepard and Terrance Barker were negligent in their care of Plaintiff while on the D.C. Jail tour.

44. Defendant District of Columbia knew or should have known that the D.C. Jail and its employees were ill equipped to handle student tours.

45. Defendant District of Columbia failed to provide its employees proper training to run a successful D.C. Jail tour program.

46. Defendants conduct towards Plaintiff was negligent and reck1ess.

47. Defendant District of Columbia breached the duty it owed to Plaintiff when it hired and failed to properly train and supervise its employees.

48. As a direct and proximate result of Defendant District of Columbia's act of negligently hiring and supervising of Odie Washington, Patricia Britton-Jackson, Diane Brown and their staffs, Plaintiff endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. Plaintiff is expected to experience said damages in the future.

## COUNT VI

(Negligent Infliction of Emotional Distress)

49. Plaintiff restates and incorporates paragraphs 1 through 48 above.

50. Defendants' negligence caused a physical injury to Plaintiff.

51. Plaintiff was in the zone of danger and Defendants' negligence cause Plaintiff to fear for her safety.

52. Defendants' negligence endangered Plaintiff.

53. As a direct and proximate result of said actions, Plaintiff endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. Plaintiff is expected to experience said damages in the future.

## COUNT VII

(Intentional Infliction of Emotional Distress)

54. Plaintiff restates and incorporates paragraphs 1 through 53 above.

55. Defendants' conduct toward Plaintiff was extreme and outrageous and undertaken intentionally or with reckless disregard of consequences.  That conduct has caused Plaintiff to suffer severe emotional distress.

56. As a direct and proximate result of said actions, Plaintiff endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. Plaintiff is expected to experience said damages in the future.

## COUNT VIII

(False Arrest and False Imprisonment)

57. Plaintiff restates and incorporates paragraphs 1 through 56 above.

58. Defendants intentionally detained and restrained Plaintiff for a considerable length of time with actual and threat of force, without a warrant or other legal justification.

59.     As a direct and proximate result of said actions, Plaintiff endured pain, suffering, distress, humiliation, mental anguish, anxiety, insomnia, nightmares and other damages as set forth herein. Plaintiff is expected to experience said damages in the future.

WHEREFORE, Plaintiff demands that judgment be entered in her favor against Defendants, jointly and severally, in the amount of $1,000,000 in compensatory damages and $3,000,000 in punitive damages, to the fullest extent that punitive damages are allowable against each of the Defendants under applicable law, together with attorney's fees incurred by the Plaintiff, and such other and further relief as the Court deems just and proper.

Dated:  April 11, 2008                    RESPECTFULLY SUBMITTED,

　　/s/ Charles H. Bogino_____
Charles H. Bogino, #474563
Of Counsel,
LAW OFFICES OF
CHARLES F. GORMLY
1875 Connecticut Avenue, N.W.
Suite 732
Washington, D.C.  20009
(202) 265-7755
(202) 265-7756

CHARLES F. GORMLY, Bar No. 452120
LAW OFFICES OF
CHARLES F. GORMLY
1875 Connecticut Avenue, N.W.
Suite 732
Washington, D.C.  20009
(202) 265-7755
(202) 265-7756

Attorneys for Plaintiff

**<u>Jury Demand</u>**

Plaintiff hereby demands trial by jury with respect to each of the claims alleged herein.

RESPECTFULLY SUBMITTED,

____/s/ Charles H. Bogino_____
Charles H. Bogino, #474563

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

08-638
CKK

## I (a) PLAINTIFFS

Jane'e Thomas

1100 1

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___D.C.___
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

District of Columbia, Odie Washington, Patricia Britton-Jackson, and Diane Brown

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___D.C.___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Charles F. Gormly, Bar No. 452120
Charles H. Bogino, Bar No. 474563
LAW OFFICES OF CHARLES F. GORMLY
1875 Connecticut Ave, NW, Suite 732
Washington, DC 20009

Case: 1:08-cv-00638
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 4/11/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⦿ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(5)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ⦿ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C., Sec. 1983, based upon acts committed against Plaintiff that deprived her of her privacy, due process and other constitutional rights.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 1,000,000  Check YES only if demanded in compl: JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☒ NO ☐ If yes, please complete related case form.

DATE 4/11/08   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.